# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **VICTOR MONDELLI, debtor,** | **MASTER FILE: 07-CV-3290 (WJM)** |
| **Appellant,** | |
| **v.** | |
| **MARIE ANN GREENBERG, Chapter 13 standing trustee,** | **OPINION** |
| **Appellee.** | **HON. WILLIAM J. MARTINI** |

Herbert Levenson
505 Morris Avenue
Room 205
Springfield, NJ 07081

(*Counsel for Appellant*)

Henry M. Karwowski
Trenk, Dipasquale, Webster, Della Fera & Sodono, PC
347 Mt. Pleasant Avenue
Suite 300
West Orange, NJ 07052

(*Counsel for Appellee*)

**WILLIAM J. MARTINI, U.S.D.J.:**

Victor Mondelli appeals from an order of the bankruptcy court converting his

Chapter 13 bankruptcy case into a Chapter 7 bankruptcy case, which the court issued after

determining that Mondelli had failed to fulfill the obligations of his Chapter 13 plan.

Mondelli essentially makes four arguments.  First, Mondelli argues that the bankruptcy court denied Mondelli due process by refusing to delay the hearing on this order until Mondelli had time to obtain an attorney and prepare his opposition.  Second, Mondelli argues that the bankruptcy court clearly erred by finding that he had failed to fulfill the obligations of his confirmed Chapter 13 plan.  Third, Mondelli argues that the bankruptcy court erred by converting Mondelli's case from a Chapter 13 case to a Chapter 7 case, rather than simply dismissing the case.  Fourth, Mondelli argues that the bankruptcy court was biased against him.  This Court rejects these four arguments and **AFFIRMS** the order of the bankruptcy court converting Mondelli's Chapter 13 bankruptcy case into a Chapter 7 proceeding.

## FACTS AND PROCEEDINGS

In 2004, Victor Mondelli filed a petition for bankruptcy under Chapter 13 of the Bankruptcy Code.  (Appellant's Designation of R. Ex. B, Certification of Marie-Ann Greenberg ¶ 2.)  For reasons not relevant to this appeal, the bankruptcy court then temporarily converted Mondelli's case to a Chapter 7 proceeding, converting the case back to a Chapter 13 proceeding upon Mondelli's motion.  (Greenberg Certification ¶¶ 3, 4; Appellant's Designation of R. Ex. I, Order Recovering Case to Chapter 13.)  In this order reconverting Mondelli's case to a Chapter 13 proceeding, the bankruptcy court included the following provision: "If the debtor fails to comply with any obligations under this Order or the Chapter 13 proceeding . . . the case shall not be dismissed but

2

shall be reconverted to a Chapter 7 proceeding." (Ex. I at 2.)

On February 3, 2006, the bankruptcy court confirmed a Chapter 13 plan for Mondelli. (Appellee's Designation of R. Ex. 1, Confirmation Order.) In the order, the court stated that Mondelli was obligated to pay his estate's trustee in bankruptcy, Marie-Ann Greenberg, an up-front sum of $11,422 and a monthly sum of $350 for a period of twelve months to pay for the trustee's commission and expenses. (Confirmation Order.) The order also required Mondelli to refinance a piece of property owned by the estate. (Confirmation Order.) The order threatened that if Mondelli failed to refinance within twelve months of the confirmation hearing, "the case will be dismissed." (Confirmation Order.) This order appears to be in tension with the court's earlier order stating that a failure to comply with any obligations in the Chapter 13 proceeding would result in conversion of the case to Chapter 7—not dismissal.

In February 2007, the Chapter 13 trustee filed a motion to vacate the bankruptcy court's order reconverting Mondelli's case to Chapter 13, thus requesting reversion back to a Chapter 7 proceeding. (Appellant's Designation of R. Exs. A, B.) The trustee, Greenberg, asserted that "[d]ebtor has not refinanced his property in accordance with the Chapter 13 Plan" and "debtor has failed to comply with his obligations under the Confirmation Order and the Chapter 13 proceeding." (Ex. B. ¶¶ 8, 9.) Greenberg also filed an application for an order shortening the time period needed for notice of her hearing on this motion. (Appellee's Designation of R. Ex. 6.) Accordingly, the

3

bankruptcy court initially scheduled a hearing on this motion for February 14, 2007.
(Appellant's Designation of R. Ex. E.)

Mondelli intended to oppose this motion but never actually filed a written
opposition or appeared at any hearing.  On or around February 13, 2007, the court
received a call from Mondelli's original counsel, Herbert Levenson, requesting a later
hearing date on the grounds that Levenson was sick and there was a winter storm
approaching.  (Appellant's Designation of R. Ex. J at 3–4.)  The court capitulated and
rescheduled the hearing for February 21, 2007.  (Ex. J. at 3–4.)  At the February 21
hearing, however, neither Mondelli nor Levenson appeared.  (Ex. J at 3–4.)  Rather,
Katherine Suplee, another attorney, appeared tentatively on Mondelli's behalf, stating that
she had very recently met with him and was unsure whether she would actually be
representing him.  (Ex. J. at 3–4.)  She also made statements to the court indicating that
Mondelli's opposition might have little legal merit.  (Ex. J. at 3–7.)

Without any opposition, the bankruptcy court accordingly granted Greenberg's
motion to reconvert Mondelli's case to a Chapter 7 proceeding.  (Appellant's Designation
of R. Ex. D.)  The court found that Mondelli had failed both to make the required $350
monthly payments to Greenberg and to refinance his property.  (Ex. J at 9.)

Mondelli now appeals the bankruptcy court's order reconverting his case to a
Chapter 7 proceeding.  Mondelli essentially makes four arguments: (1) that the
bankruptcy court denied him due process by refusing to postpone the hearing to give

4

Mondelli time to oppose Greenberg's motion, (2) that the bankruptcy court clearly erred by finding that Mondelli had violated his Chapter 13 plan, (3) that the bankruptcy court erred by converting his case to a Chapter 7 proceeding, and (4) that the bankruptcy court failed to give Mondelli a fair and unbiased hearing.[1]  (Appellant's Br. at 2.)  Greenberg opposes these arguments and also argues that Mondelli's appeal is barred by his failure to timely file a designation of the record and statement of issues.  (Appellee's Br. at 9.)

## STANDARD OF REVIEW

This Court reviews the bankruptcy court's legal conclusions de novo and its factual findings for clear error.  In re Connors, 497 F.3d 314, 318 (3d Cir. 2007).  Clear error exists only if a finding is completely devoid of a credible evidentiary basis or bears no rational relationship to the supporting data.  Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 399 F.3d 248, 254 (3d Cir. 2005).  The bankruptcy court's ultimate decision to convert a case from Chapter 13 to Chapter 7 is reviewed for abuse of discretion. Halvajian v. Bank of N.Y., 216 B.R. 502, 513 (D.N.J. 1998).

## DISCUSSION

**A.    Untimely Filing of Mondelli's Designation of Record and Statement of Issues on Appeal**

---

[1]Mondelli does not actually frame his arguments in this manner.  Rather, Mondelli frames his arguments in legally ambiguous terms.  For example, Mondelli argues that the bankruptcy court erred by "disavow[ing] the illness of both the then Attorney of Record, Herbert Levenson, Esq., and the Debtor, as a basis for adjournments."  (Appellant's Br. at 2.)  This Court construes Mondelli's issues on appeal as stated above, to best conform to cognizable legal claims.

5

Greenberg argues that Mondelli's appeal is barred because he failed to timely file a designation of the record and statement of issues on appeal.  (Appellee's Br. at 9.)  While this Court agrees that Mondelli has failed to timely file these items, this is not a basis upon which to dismiss Mondelli's appeal.

As Greenberg notes, Mondelli's filing of these items was untimely.  Federal Rule of Bankruptcy Procedure 8006 provides that "[w]ithin 10 days after filing the notice of appeal as provided by Rule 8001(a) . . . the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented."  Mondelli filed a notice of appeal on February 28, 2007 (Appellee's Designation of R. 9; Bankruptcy Case Number 04-15268, Docket Number 156), but did not file a designation of the record or statement of issues until June 11, 2007 (Case 04-15268, Docket Number 242), in violation of Rule 8006.

But this violation should not result in dismissal of Mondelli's appeal.  While district courts may dismiss bankruptcy appeals for failure to timely file designations of the record or statements of issues, dismissal is generally appropriate only upon some showing of prejudice to the appellee or bad faith on the part of the appellant.  See In re Comer, 716 F.2d 168, 177 (3d Cir. 1983).  Here, while Mondelli's failure to timely file a designation of the record or statement of issues violates Rule 8006, there is no evidence either that Mondelli's tardiness was in bad faith or that it prejudiced Greenberg in any way.  Accordingly, this Court will consider the merits of Mondelli's appeal.

6

**B.      Mondelli's Right to Due Process**

Mondelli argues that the bankruptcy court denied him due process by refusing to delay its hearing on Greenberg's motion until Mondelli had an opportunity to appear with counsel.  (Appellant's Br. at 2.)  Mondelli adds that the court's reliance on Katherine Suplee's account of Mondelli's situation was also improper.  This Court disagrees.

Due process essentially requires an opportunity to be heard.  Goldberg v. Kelly, 397 U.S. 254, 267–68 (1970); Taylor v. Slick, 178 F.3d 698, 703 (3d Cir. 1999).  It entails adequate notice to the parties that is reasonably calculated to apprise them of the pendency of the action and afford them an opportunity to object.  Taylor, 178 F.3d at 703.  Precisely what notice is required depends upon what the particular situation demands.  Id.  But while due process requires the government to provide the parties with notice of a hearing and the opportunity to participate, it does not in civil cases require the government to ensure that parties are actually present.  Rud v. Dahl, 578 F.2d 674, 678 (7th Cir. 1978).

Cases from other jurisdictions suggest that where the government has provided adequate notice and a reasonable opportunity for a hearing, it does not necessarily deprive a party of due process to conduct the hearing in that party's absence—even when the party's absence is not of their own fault.  See Rud, 578 F.2d 674; Pouliot v. Town of Fairfield, 226 F. Supp. 2d 233 (D. Me. 2002).  Pouliot v. Town of Fairfield presents facts similar to Mondelli's.  In Pouliot, the town terminated Pouliot in his position as police

7

chief.  226 F. Supp. 2d at 235.  The town had scheduled a disciplinary hearing, but Pouliot was unable to attend for mental health reasons.  Id. at 237.  The town rescheduled the hearing to allow Pouliot to attend, but again Pouliot was unable to attend.  Id.  The town refused to again reschedule the hearing, and Pouliot, believing that his termination was inevitable, resigned.  Id. at 238.   Pouliot sued the town, alleging that the town had denied him due process by failing to postpone the disciplinary hearing.  Id.  The district court disagreed and granted summary judgment for the town, holding that it had given Pouliot a reasonable opportunity to contest the termination.  Id. at 238–41.  The district court acknowledged Pouliot's interest in attending the disciplinary hearing but balanced this against the town's interest in immediately resolving the claim.  Id. at 238–39.

Here, Mondelli similarly had a reasonable notice of and opportunity to attend the hearing on Greenberg's motion.  He was served with notice of Greenberg's motion on February 9, 2007, five days before the hearing was to commence.  (Appellant's Designation of R. Ex. F.)  The bankruptcy court then granted Mondelli a continuance to allow him to secure an attorney.  (Ex. J at 3–4.)  Indeed, Mondelli almost hired another attorney, Katherine Suplee, who appeared at the bankruptcy court's hearing, but Mondelli failed to take the steps necessary to secure Suplee's representation.  (Ex. J at 3.)  Suplee stated at the hearing that Mondelli had vacillated as to whether he intended to retain her but that ultimately she would not represent Mondelli because he had not signed a retainer agreement.  (Ex. J at 3–6.)   Thus Mondelli had ample opportunity to oppose Greenberg's

motion in bankruptcy court.  Mondelli's failure to take advantage of this opportunity did not obligate the bankruptcy court to further delay the proceedings, particularly in light of the other parties' countervailing interests in having the motion swiftly resolved. Accordingly, the bankruptcy court did not deny Mondelli due process by refusing to delay a hearing on Greenberg's motion.

With respect to Mondelli's argument that the bankruptcy court denied him due process by relying on the statements of Katherine Suplee, this argument is incoherent for two reasons.  First, it does not appear that the bankruptcy court did rely on any of Suplee's statements in granting Greenberg's motion.  These statements were quite general and conclusory, and the bankruptcy court had adequate evidentiary support for its order from other sources, as will be explained below.  Second, Mondelli's factual allegations and legal due process arguments with respect to Suplee's statements are too vague to allow meaningful review.  Mondelli points to no cases or principles of due process that would be implicated by such statements, and no such cases or principles occur to this Court.  Accordingly, Mondelli's argument that the bankruptcy court denied him due process by relying on Suplee's statements is rejected.

**C.    The Bankruptcy Court's Finding that Mondelli Violated His Chapter 13 Plan**

Mondelli argues that the bankruptcy court clearly erred by finding that he violated the terms of his Chapter 13 plan.  He reasons that this conclusion is unsupported by evidence.

This Court disagrees.  Greenberg, the Chapter 13 trustee, certified that Mondelli had failed to comply with both the plan's refinancing requirement and its requirement that Mondelli make monthly payments to Greenberg.  (Greenberg Certification ¶ 8.)  Mondelli offers no evidence to the contrary.  Thus the bankruptcy court's finding was not devoid of a credible evidentiary basis.  Interfaith, 399 F.3d at 254.  Accordingly, this Court cannot hold that the bankruptcy court clearly erred by finding that Mondelli had violated his Chapter 13 plan.

**D.     The Bankruptcy Court's Order Reconverting Mondelli's Chapter 13 Case to a Chapter 7 Proceeding**

Mondelli argues that the bankruptcy court erred by reconverting his Chapter 13 case to a Chapter 7 proceeding.  (Appellant's Br. 7–8.)  Mondelli reasons that the bankruptcy court's order confirming his Chapter 13 plan—which stated that a failure to timely refinance his property would result in dismissal of the case, not reconversion—was a self-executing order that should have triggered dismissal immediately upon the court's finding that Mondelli had failed to timely refinance.  (Appellant's Br. 7–8.)

The bankruptcy court appropriately reconverted Mondelli's case.  Bankruptcy courts for good cause may convert Chapter 13 cases to Chapter 7 proceedings upon the request of a party in interest where such conversion is in the best interests of the creditor. 11 U.S.C. § 1307(c) (2000).  Good cause includes a material violation of the Chapter 13 plan. § 1307(c)(6).  Here, as explained in the previous section, Mondelli violated the bankruptcy court's order confirming his Chapter 13 plan.  Also, at least one creditor, the

10

former Chapter 7 trustee in Mondelli's case, certified that converting Mondelli's case to a Chapter 7 proceeding was in its best interest.  (Appellee's Designation of R. Ex. 8.)  Thus the bankruptcy court acted within its discretion by converting Mondelli's case to a Chapter 7 proceeding.

Mondelli's argument that the bankruptcy court's order confirming his Chapter 13 petition was a self-executing order of dismissal is unpersuasive for two reasons.  First, Federal Rule of Civil Procedure 58 bars such self-executing orders of dismissal and instead requires a judgment to "be set forth on a separate document."  Self-executing orders of dismissal are generally prohibited because of the administrative chaos they tend to create.  WRS, Inc. v. Plaza Entertainment, Inc., 402 F.3d 424, 428–29 (3d Cir. 2005). Thus, dismissal of Mondelli's bankruptcy case would require a separate order.  Second, courts have great deference to interpret their own orders.  Id. at 428; In re Fine Paper Antitrust Litig., 695 F.2d 494, 498 (3d Cir. 1982).  This Court will not second guess the bankruptcy court's determination that its confirmation order did not require dismissal, particularly in light of that court's legal authority to convert Mondelli's case, as explained above.[2]

_____

[2]Deference to the bankruptcy court's interpretation is even more warranted in light of its earlier contradictory order converting Mondelli's Chapter 7 case to a Chapter 13 case.  That order stated that Mondelli's failure to fulfill his obligations under the Chapter 13 proceedings would result in reconversion—not dismissal.  This Court declines to wade into the morass of reconciling and interpreting these orders and instead defers to the bankruptcy court's determination.

**E.      The Fairness and Neutrality of the Hearing**

Finally, Mondelli argues that the bankruptcy court failed to give him a fair and unbiased hearing.  (Appellant's Br. 2.)  Mondelli fails to add anything to this conclusory and legally vague argument.  Given that Mondelli does not support this argument with facts or legal arguments and that the bankruptcy court's procedures appear fair and unbiased, this Court rejects Mondelli's argument.

**<u>CONCLUSION</u>**

The bankruptcy court did not err in converting Mondelli's Chapter 13 case to a Chapter 7 proceeding.  Accordingly, the bankruptcy court's order is **AFFIRMED**.  A corresponding Order accompanies this Opinion.

s/ William J. Martini
William J. Martini, U.S.D.J.